**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **MITHUN BANERJEE,** | * |
| Plaintiff, | * |
| v. | Case No.: GJH-20-00674 |
| | * |
| **VIVINT SOLAR DEVELOPER LLC,** | |
| | * |
| Defendant. | |
| | * |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

*Pro-Se* Plaintiff Mithun Banerjee brought this civil action in the District Court for Montgomery County, Maryland, appearing to allege, *inter alia*, that Defendant Vivint Solar Developer LLC altered signed agreements between the parties. ECF Nos. 1, 5. On March 12, 2020, Plaintiff removed the action to this Court. *Id.* Pending before the Court is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 2, and Defendant's Motion to Remand, ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is denied without prejudice and Defendant's Motion to Remand is granted.

**I.  BACKGROUND**

On March 1, 2018, Plaintiff Mithun Banerjee filed a Complaint against Defendant Vivint Solar Developer LLC ("Vivint") in the District Court for Montgomery County, Maryland, as Case No. 060200037612018. ECF No. 1 at 1.[1] Plaintiff alleged in his state law action that Vivint modified three solar power purchase contracts after they were executed and damaged three of

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

Plaintiff's properties during the installation of solar energy systems. ECF No. 9-1 at 1; *see also* ECF No. 5 at 6; ECF No. 9-2 at 5. Plaintiff requested $11,300 in compensatory damages, an unspecified amount of punitive damages, and attorney's fees, if any. ECF No. 9-2 at 5; *see also* ECF No. 5 at 7 (Plaintiff requests only $4,740 in damages in the "Amended Complaint" filed with this Court).

In July 2019, the parties reached a settlement agreement in which Plaintiff released all claims against Defendant and agreed that all three contracts would remain in effect. ECF No. 9-1 at 3; ECF No. 9-5 at 28–34. Plaintiff, however, allegedly breached the settlement agreement when Plaintiff refused Defendant access to the properties covered by the three contracts that were originally in dispute. ECF No. 9-1 at 3; ECF No. 9-5 at 36–54. Consequently, on December 18, 2019, Defendant filed a motion to enforce settlement and for attorney's fees in the District Court for Montgomery County, Maryland ("State Court"). ECF No. 9-1 at 3; ECF No. 9-5 at 2–10. The State Court scheduled a hearing for March 16, 2020. ECF No. 9-1 at 3; ECF No. 9-6 at 2.

On March 12, 2020, Plaintiff, proceeding *pro se*, filed a Notice of Removal with this Court. ECF No. 1. Plaintiff claims that, "based upon federal question jurisdiction[,]" removal is proper under 28 U.S.C. §§ 1343, 1651, and 1367 because he has "assert[ed], *inter alia*, that Defendant[] altered the Power Purchase Agreement [and] sen[t] the same across State Line[s and] committed a Fraud [and] wants to enforce the same Power Purchase Agreement by a Motion where Plaintiff is a Defendant." ECF No. 1 at 1. On the same day, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). ECF No. 2. Defendant filed a Motion to Remand on July 7, 2020, ECF No. 9, to which Plaintiff has not filed a response. Additionally, pursuant to 28 U.S.C. § 1447(c), Defendant requests that this

Court award Vivint its attorney's fees, costs, and other expenses incurred as a result of removal "because Plaintiff lacked an objectively reasonable basis for removal[.]" ECF No. 9-1 at 2.

## II.    DISCUSSION

### A.    Motion to Proceed *in Forma Pauperis*

Plaintiff submitted an Application to Proceed in District Court Without Prepayment of Fees or Costs (Form AO 239), which is construed as a Motion for Leave to Proceed *in Forma Pauperis*. ECF No. 2. However, counter to the explicit instructions on the application, Plaintiff failed to answer numerous questions in the application. *Id.* For example, Plaintiff left Question 5—"List the assets, and their values, which you own or your spouse owns"—blank, despite ample evidence from the filings in this case that Plaintiff owns at least three properties. ECF No. 2 at 3; *see also* ECF No. 2 at 1 (indicating income from real property); ECF No. 9-2 at 5 ("Vivint Solar Developer LLC., damaged my properties . . ."); ECF No. 9-3 at 15 ("13117 Fernedge Road"); ECF No. 9-3 at 20 ("13119 Fernedge Road"); ECF No. 9-3 at 25 ("13 Briggs Ct."); ECF No. 9-5 at 28 (listing installation locations at issue in the settlement agreement between the parties); ECF No. 9-5 at 36 ("If you still try to enter my all 3 properties [sic] after this email notification, you & Vivint Solar Developer Developer [sic] LLC., will Trespass my 3 Properties & will be responsible for all legal consequences."). Because Plaintiff failed to fully complete his motion and the motion is inconsistent with other filings in this case, the Court denies without prejudice Plaintiff's Motion to Proceed *in Forma Pauperis*. *See Armbrust v. S.C. Dept. of Emp't & Workforce*, No. 3:20-791-JMC-SVH, 2020 WL 886055, at *1 n.1 (D.S.C. Feb. 24, 2020) (denying Motion to Proceed *in Forma Pauperis* because the "Plaintiff failed to fully complete his motion."); *Toole v. Mosley*, No. 2:16cv470, 2016 WL 10587110, at *1 (E.D. Va. Sept. 16, 2016) ("the Court denied Plaintiff's Motion to Proceed *in Forma Pauperis* in this case due to 'a number

3

of inconsistencies' the Court discovered on various financial affidavits submitted in connection with Plaintiff's four recent cases.").

### B. Motion to Remand

"[A]ny civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, because Federal Courts are courts of limited jurisdiction, a district court must remand any case in which it lacks subject matter jurisdiction—*i.e.*, federal question or diversity jurisdiction. *See* 28 U.S.C. § 1447(c); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). "Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal." *Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009). "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to '*demonstrate[e]* that removal jurisdiction is proper." *Id.* (emphasis and alteration in original) (citing *Strawn*, 530 F.3d at 297). Here, Plaintiff has failed to meet his burden of demonstrating that removal was proper.

The Court grants Defendant's Motion to Remand because: (1) only defendants may remove a civil action from state court; and (2) this Court lacks subject matter jurisdiction over the instant action. Both reasons are discussed below.

### 1. Only Defendants May Remove a Civil Action from State Court

As a preliminary matter, removal is a tool available to state court defendants, not state

4

court plaintiffs. 28 U.S.C. § 1446(a) ("[a] defendant or defendants desiring to remove any civil action from a State court . . ."); *see also id.* § 1441(a) ("may be removed by the defendant or the defendants"); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–06 (1941) (reviewing the history of removal statutes and holding that state court plaintiffs cannot remove despite being named as defendants in counterclaims); 16 Moore's Federal Practice – Civil § 107.41 (2020) ("Strictly construing the general removal statute, the federal courts will not recharacterize a plaintiff, meaning a party that files a complaint or an amended complaint, as a defendant for removal purposes."). This is because a plaintiff decides at the outset of litigation whether he or she wants to file in state or federal court. 16 Moore's Federal Practice – Civil § 107.41; *Shamrock Oil & Gas Corp.*, 313 U.S. at 106. Defendant's state court motion to enforce the parties' settlement agreement does not convert Plaintiff into a defendant for the purposes of removal. *See id.* Therefore, Defendant's Motion to Remand is granted.

**2.     The Court Lacks Subject Matter Jurisdiction over the Instant Action**

Even if Plaintiff could be re-categorized as a Defendant for the purposes of removal—which he cannot—removal is not proper because the Court lacks jurisdiction to hear the case.

Plaintiff claims that this Court has jurisdiction over the instant action "based upon federal question jurisdiction[.]" ECF No. 1 at 1. However, in order for a district court to have federal question jurisdiction over a civil action, the action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Specifically, federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983). This case involves no such causes

of action; rather Plaintiff's Complaint only includes state law claims, including breach of contract and fraud. ECF No. 9-2 at 5 (alleging Defendant "damaged [Plaintiff's] properties and never fixed the damages" and "modified the contract after [Plaintiff's] signature and their representative's signature, which is a fraud"). The Court agrees with Defendant that "[t]he mere fact that the underlying transaction involved interstate commerce does not convert the parties' dispute into a federal question[,]" ECF No. 9-1 at 4, and Plaintiff's citations to 28 U.S.C. §§ 1343, 1651, and 1367, ECF No. 1 at 1, do nothing to convince the Court otherwise. Thus, the Court finds that it does not have original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Likewise, this Court does not have diversity jurisdiction. Under 28 U.S.C. § 1332, district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Plaintiff only demanded $11,300 in his original Complaint and has not since argued that the amount in controversy is higher, nor offered any evidence that his civil action exceeds the jurisdictional threshold. ECF No. 9-2 at 5; ECF No. 5 at 7; *see* 28 U.S.C. § 1446(c) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). Accordingly, this Court finds that diversity jurisdiction is lacking.

Because this Court lacks both federal question and diversity jurisdiction, the Court grants Defendant's Motion to Remand.

### C. Defendant's Request for Fees, Costs, and Other Expenses

Although the case is remanded, the Court will retain jurisdiction over the collateral issue of attorney's fees and costs under 28 U.S.C. § 1447(c) for improper removal. *Amer. Capital*

*Advance, LLC v. Gordon*, No. RWT 10cv2113, 2010 WL 5055810, at *2 (D. Md. Dec. 3, 2010).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. 1447(c); *see also Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on [the other party]."). "[A]bsent unusual circumstances, [however,] attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin*, 546 U.S. at 136. Nevertheless, "[b]ad faith is not required; fees may be awarded even if removal is sought in subjective good faith." *Amer. Capital Advance*, 2010 WL 5055810 at *2 (quoting *Miller v. Baker*, No. 5:09cv00094, 2010 WL 3585423, at *1 (W.D. Va. Sept. 9, 2010)); *see also Martin*, 546 U.S. at 138–39. Nor does "[t]he fact that the removing party is a pro se litigant . . . prevent the court from imposing sanctions." *Amer. Capital Advance*, 2010 WL 5055810 at *2.

In this case, Plaintiff lacked an objectively reasonable basis for seeking removal. First, the fact that only defendants, and not plaintiffs, can remove a state court action to federal court is well-settled and firmly established in federal law. Congress expressed this limitation clearly in the language of 28 U.S.C. §§ 1441 and 1446 and Supreme Court precedent has existed on this point since 1941, *see Shamrock Oil & Gas Corp.*, 313 U.S. at 104–06 (reviewing the history of removal statutes and hold that state court plaintiffs cannot remove despite being named as defendants in counterclaims). Moreover, while Plaintiff claims the Court has federal question jurisdiction over this action, the Court cannot find any connection between the claims articulated

7

in Plaintiff's Complaint, ECF No. 9-2 at 5; ECF No. 5, and the statutes Plaintiff cites to support federal question jurisdiction, ECF No. 1 at 1. Thus, Plaintiff lacks a reasonable legal argument in support of jurisdiction that would justify the denial of Defendant's request for attorney's fees in this case. Because Plaintiff lacked an objectively reasonable basis for seeking removal, the Court grants Defendant's request for fees. Defendant must submit documentation of its fees, costs, and other expenses incurred as a result of removal within 21 days of the Court's order.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed *in Forma Pauperis* is denied without prejudice, Defendants' Motion to Remand is granted, Defendant's request for reasonable fees, costs, and other expenses incurred as a result of removal is granted, and Defendant is ordered to submit documentation regarding the same. A separate Order shall issue.

Date: January 21, 2021                        /s/
GEORGE J. HAZEL
United States District Judge