IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **MITHUN BANERJEE,** * | |
| Plaintiff, * | |
| v. * | Case No.: GJH-20-00674 |
| * | |
| **VIVINT SOLAR DEVELOPER LLC,** * | |
| Defendant. * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

*Pro se* Plaintiff Mithun Banerjee brought this civil action in the District Court for Montgomery County, Maryland, appearing to allege, *inter alia*, that Defendant Vivint Solar Developer LLC altered signed agreements between the parties. ECF Nos. 1, 5. On March 12, 2020, Plaintiff removed the action to this Court. *Id.* The Court, however, remanded the case back to state court on January 21, 2021. ECF No. 11; ECF No. 12. Pending before the Court is Plaintiff's Second Motion for Leave to Proceed *in Forma Pauperis*, ECF No. 15, Plaintiff's Motion to Alter or Amend, ECF No. 14, and Defendant's counsel's documentation of its fees, costs, and other expenses incurred as a result of removal, ECF No. 17.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, the Court denies Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, denies Plaintiff's Motion to Alter or Amend, and awards Defendant $6,202.50 in attorneys' fees.

---

[1] Plaintiff has also filed a Motion for Electronic Filing. ECF No. 19. However, because this case has been remanded to state court and this memorandum opinion and the accompanying Order address all other pending issues, Plaintiff's request is moot. The Court thus denies Plaintiff's Motion for Electronic Filing.

**I.     BACKGROUND**

Although the facts underlying this action were fully set out in this Court's previous Memorandum Opinion, ECF No. 11, for convenience, the Court also has included them here.

On March 1, 2018, Plaintiff Mithun Banerjee filed a Complaint against Defendant Vivint Solar Developer LLC ("Vivint") in the District Court for Montgomery County, Maryland, as Case No. 060200037612018. ECF No. 1 at 1.[2] Plaintiff alleged in his state law action that Vivint modified three solar power purchase contracts after they were executed and damaged three of Plaintiff's properties during the installation of solar energy systems. ECF No. 9-1 at 1; *see also* ECF No. 5 at 6; ECF No. 9-2 at 5. Plaintiff requested $11,300 in compensatory damages, an unspecified amount of punitive damages, and attorneys' fees, if any. ECF No. 9-2 at 5; *see also* ECF No. 5 at 7 (Plaintiff requests only $4,740 in damages in the "Amended Complaint" filed with this Court).

In July 2019, the parties reached a settlement agreement in which Plaintiff released all claims against Defendant and agreed that all three contracts would remain in effect. ECF No. 9-1 at 3; ECF No. 9-5 at 28–34. Plaintiff, however, allegedly breached the settlement agreement when Plaintiff refused Defendant access to the properties covered by the three contracts that were originally in dispute. ECF No. 9-1 at 3; ECF No. 9-5 at 36–54. Consequently, on December 18, 2019, Defendant filed a motion to enforce settlement and for attorneys' fees in the District Court for Montgomery County, Maryland ("State Court"). ECF No. 9-1 at 3; ECF No. 9-5 at 2–10. The State Court scheduled a hearing for March 16, 2020. ECF No. 9-1 at 3; ECF No. 9-6 at 2.

On March 12, 2020, Plaintiff, proceeding *pro se*, filed a Notice of Removal with this

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Court, claiming the Court had federal question jurisdiction over the action. ECF No. 1. On the same day, Plaintiff also filed a Motion to Proceed *in Forma Pauperis*. ECF No. 2. On July 7, 2020, Defendant filed a Motion to Remand and requested attorneys' fees pursuant to 28 U.S.C. § 1447(c). ECF No. 9. The Court issued a Memorandum Opinion and Order on January 21, 2021, denying Plaintiff's Motion to Proceed *in Forma Pauperis*, granting Defendant's Motion to Remand, and granting Defendant's request for fees, costs, and other expenses incurred as a result of improper removal. ECF No. 11; ECF No. 12.

On February 2, 2021, Plaintiff filed a Second Motion to Proceed *in Forma Pauperis*, ECF No. 15, and a Motion to Alter or Amend,[3] ECF No. 14. Defendant responded on February 9, 2021. ECF No. 16. Defendant's counsel filed its documentation regarding the fees, costs, and other expenses incurred as a result of improper removal on February 11, 2021 (the "Declaration"). ECF No. 17. Plaintiff objected to Defendant's counsel's Declaration in two separate filings, one filed on February 17, 2021, ECF No. 18, and the other filed on March 26, 2021, ECF No. 20.

**II.      DISCUSSION**

     **A.      Motion to Proceed *in Forma Pauperis***

Plaintiff previously submitted a Motion to Proceed *in Forma Pauperis*, ECF No. 2, which this Court denied due to (1) Plaintiff's failure to fully complete his motion and (2) the fact that the Motion to Proceed *in Forma Pauperis* was inconsistent with other filings in this case. ECF No. 11. Plaintiff has now submitted a second Motion to Proceed *in Forma Pauperis* but has

---

[3] Plaintiff titled his Motion "Motion for (1) New Trial; Altering or Amending a Judgment, (2) Relief from a Judgment or Order and (3) Request for Hearing," and the Motion is docketed as a motion to reopen case. ECF No. 14. However, Plaintiff requests relief pursuant to Fed. R. Civ. P. 59 & 60 and filed this Motion within ten days of the Court's previous Order, thus the Court will treat the Motion as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010).

failed to correct these deficiencies. ECF No. 15. While the standard for granting a Motion to Proceed *in Forma Pauperis* is low, *see Ford v. Soc. Sec. Admin. Acting Comm'r Carolyn Colvin*, No. ELH-16-2324, 2016 WL 3541233, at *1 (D. Md. June 29, 2016) ("[A]n affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of his or her poverty, afford to pay costs of litigation and still provide for the necessities of life."), the Court will not suspend disbelief when evaluating such a request, *Edge v. Berryhill*, No. 5:18-CV-417-BO, 2018 WL 67337372, at *1 (E.D.N.C. Oct. 25, 2018) (denying a motion to proceed *in forma pauperis* where the application contained inconsistencies, which the plaintiff failed to correct even after the court brought them to her attention). *See also id.* ("Under 28 U.S.C. § 1915(a), a district court has discretion to grant or deny an application for in forma pauperis status.")

Plaintiff's Motion to Proceed *in Forma Pauperis* contains numerous shortcomings. First, Plaintiff again leaves blank several questions on the application despite the application's explicit instructions to "not leave any blanks[,]" ECF No. 15 at 1, and despite this Court's previous critique for the same deficit, ECF No. 11 ("[C]ounter to the explicit instructions on the application, Plaintiff failed to answer numerous questions in the application."). Second, both of Plaintiff's Motions to Proceed *in Forma Pauperis* state that he is on Temporary Disability, but neither specify the income he receives as result of that status in the row titled "Disability[.]" ECF No. 2 at 2, 5; ECF No. 15 at 2, 5. Third, Plaintiff confusingly reports negative income from self-employment and rental income and the Court cannot decipher what this means. ECF No. 15 at 1. Fourth, Plaintiff reports income from interest and dividends totaling $1,239.25, but does not identify any financial institution or other source for this income. *Id.* at 1–3. Finally, Plaintiff, despite the Court's admonishment, again does not list all the properties he apparently owns under

4

the question instructing him to list his assets.[4] ECF No. 15 at 3; *see also* ECF No. 9-3 at 15 ("13117 Fernedge Road"); ECF No. 9-3 at 20 ("13119 Fernedge Road"); ECF No. 9-3 at 25 ("13 Briggs Ct."); ECF No. 9-5 at 36 ("If you still try to enter my *all 3 properties* [sic] after this email notification, you & Vivint Solar Developer Developer [sic] LLC., will Trespass my *3* Properties & will be responsible for all legal consequences." (emphasis added)). Instead, Plaintiff states only that the value of his home is negative $44,000. *Id.*

While Plaintiff states that the COVID-19 Pandemic has worsened his economic position and asserts that all of his real estate properties, cars, and credit cards are worth a negative $245,050, the Court cannot properly evaluate Plaintiff's economic situation because he has again failed to fill out the entirety of the application. *See Armbrust v. S.C. Dept. of Emp't & Workforce*, No. 3:20-791-JMC-SVH, 2020 WL 886055, at *1 n.1 (D.S.C. Feb. 24, 2020) (denying Motion to Proceed *in Forma Pauperis* because the "Plaintiff failed to fully complete his motion."). Moreover, what Plaintiff has filled out is both internally inconsistent and inconsistent with other filings in this case. *Toole v. Mosley*, No. 2:16cv470, 2016 WL 10587110, at *1 (E.D. Va. Sept. 16, 2016) ("the Court denied Plaintiff's Motion to Proceed *in Forma Pauperis* in this case due to 'a number of inconsistencies' the Court discovered on various financial affidavits submitted in connection with Plaintiff's four recent cases."). Consequently, the Court again denies Plaintiff's Motion to Proceed *in Forma Pauperis*.

### B. Motion to Alter or Amend

Plaintiff filed the instant Motion to Alter or Amend within ten days of the Court

---

[4] Plaintiff also implies that he owns one or more cars, ECF No. 15 at 5, but does not list those cars under his assets as instructed, *id.* at 3.

remanding this action to state court,[5] invoking both Fed. R. Civ. P. 59 and 60. ECF No. 14 at 1. Therefore, the Court will analyze Plaintiff's Motion under Fed. R. Civ. P. 59(e). *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) ("We have squarely held . . . that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment.").

A motion to alter or amend pursuant to Fed. R. Civ. P. 59(e) "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is need to correct a clear error or prevent manifest injustice." *Robinson*, 599 F.3d at 411. "Mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). The rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russel v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

As a preliminary matter, with limited exceptions that are inapplicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. § 1447(d). "Unquestionably, [28 U.S.C. § 1447(d)] not only forecloses appellate review, but also bars reconsideration of such an order by the district court." *Three J farms v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979). Thus, Plaintiff's Motion is barred by 28 U.S.C. § 1447(d) and is consequently denied.

However, even if Plaintiff could properly challenge this Court's remand order, Plaintiff's

---

[5] The Court issued the Order remanding this action to state court on January 21, 2021, ECF No. 12, thus January 31, 2021 was ten days after the issuance of the Order. However, January 31, 2021 was a Sunday, and the Court was closed on February 1, 2021 due to inclement weather. Plaintiff filed this Motion to Alter or Amend on February 2, 2021. ECF No. 14.

challenge would fail. Plaintiff's Motion to Alter or Amend fails to address either of the key bases for the Court's decision: (1) only defendants may remove a civil action from state court; and (2) this Court lacks subject matter jurisdiction over the instant action. Plaintiff's concerns regarding corruption and racial discrimination within the state courts cannot change that removal is a tool available only to state court defendants, not state court plaintiffs. *See* 28 U.S.C. § 1446(a) ("[a] *defendant or defendants* desiring to remove any civil action from a State court . . ." (emphasis added)); *see also id.* § 1441(a) ("may be removed by the *defendant or the defendants*" (emphasis added)); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–06 (1941) (reviewing the history of removal statutes and holding that state court plaintiffs cannot remove despite being named as defendants in counterclaims). Nor can Plaintiff's concerns provide the Court subject matter jurisdiction over the action where the Court lacks both federal question and diversity jurisdiction. *See* ECF No. 11 at 5–6.  The Court denies Plaintiff's Motion on these grounds as well.

Moreover, to the extent Plaintiff is challenging this Court's order awarding fees, costs, and other expenses incurred by Defendant as a result of the improper removal, that challenge fails as well. *See* ECF No. 14 at 2; ECF No. 18 at 2; ECF No. 20 at 1. If the removing party lacks an objectively reasonable basis for seeking removal, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005), courts may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal[,]" 28 U.S.C. 1447(c). Here, Plaintiff lacked an objectively reasonable basis for seeking removal. As discussed above, only state court defendants can remove actions to federal courts. *See* 28 U.S.C. § 1446(a). Plaintiff should have been aware of this limitation, especially since he cites 28 U.S.C. § 1446 in his Notice of Removal, ECF No. 1 at 1, a statute that by its terms applies only to defendants, 28 U.S.C.

§ 1446(a). Plaintiff's *pro se* status is no excuse for inappropriately and unreasonably attempting to remove this case, which in turn wasted judicial resources, delayed the resolution of this case, and imposed unnecessary costs on Defendant. *See Martin*, 546 U.S. at 140 (2005) (discussing the costs of inappropriately removing a state court action); *Amer. Capital Advance, LLC v. Gordon*, No. RWT 10cv2113, 2010 WL 5055810, at *2 (D. Md. Dec. 3, 2010) (indicating bad faith is not required for a court to award fees as a result of a party's improper removal and stating that "[t]he fact that the removing party is a pro se litigant does not prevent the court from imposing sanctions"). Plaintiff's Motion does not indicate that, with respect to this Court's grant of attorney's fees, "there has been an intervening change of controlling law, that new evidence has become available, or that there is need to correct a clear error or prevent manifest injustice[.]" *Robinson*, 599 F.3d at 411. Thus, the Court denies Plaintiff's Motion to Alter or Amend with respect to this Court's order awarding fees, costs, and other expenses incurred by Defendant as a result of the improper removal.

    **C.    Defendant's Counsel's Declaration Regarding Fees, Costs, and Other Expenses**

When a court grants an order to remand, it may also "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Having already held that attorneys' fees are warranted because Plaintiff lacked an objectively reasonable basis for seeking removal, the Court is left to determine whether the amount Defendant requests is reasonable, keeping in mind "[a]n award under § 1447(c) is remedial, not punitive, and is designed to compensate the [non-removing party] when, in the court's discretion, justice so requires." *McPhatter v. Sweitzer*, 401 F. Supp. 2d 468. 479-80 (M.D.N.C. 2005) (citations omitted).

"In calculating an award of attorney's fees, a court must first determine a lodestar figure

by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In determining what constitutes a "reasonable" number of hours and rate, the Court is guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). These factors, however, "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate [, *i.e.*, the lodestar]." *Randle v. H & P Capital, Inc.*, 513 F. App'x 282, 283–84 (4th Cir. 2013) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (alternation in original).

### 1. Reasonable Rate

In determining whether counsel's hourly rates are reasonable, the Court must consider whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). "[D]etermination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (citation omitted). As part of its inquiry, the Court may rely on "affidavits from other attorneys attesting to the reasonableness of the hourly rates," and also the Court's "knowledge of the market." *Beyond Sys., Inc. v. World Ave. USA, LLC*, No. PJM-08-921, 2011 WL 3419565 at

*3 (D. Md. Aug. 11, 2011). In this District, the Court's "market knowledge" is set forth in Appendix B of the U.S. District Court of Maryland Local Rules, which provides Guidelines Regarding Hourly Rates based upon length of professional experience, as follows:

    (a) Lawyers admitted to the bar for less than five (5) years: $150-225.

    (b) Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.

    (c) Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.

    (d) Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.

    (e) Lawyers admitted to the bar for twenty (20) years or more: $300-475.

    (f) Paralegals and law clerks: $95-150.

Loc. R. App. B(3) (D. Md. 2018).

Here, Defendant ask the Court to award attorneys' fees at the following hourly rates: Anthony C. Kaye: $395.00 (approximately eighteen years of experience); John D. Sadler: $395.00 (approximately eighteen years of experience); Matthew D. Lamb: $395.00 (approximately nine years of experience). See ECF No. 17 ¶¶ 8–11. Taking into account the experience of the attorneys and the local market rate as outlined in the Local Rules, the Court find that Mr. Kaye's and Mr. Sadler's rates are reasonable. However, Mr. Lamb's hourly rate exceeds the applicable rates provided by the Guidelines, *compare* Loc. R. App. B(3) (D. Md. 2018) ("Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350") *with* ECF No. 17 ¶ 11, and Defendant's counsel has offered no evidence other than its own Declaration that the $395 rate is reasonable, *see Plyler*, 902 F.2d at 277 ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.").[6] Thus, the

---

[6] Defendant's counsel does not offer affidavits of attorneys outside its firm regarding the prevailing market rates of attorneys in the "Washington, D.C. area" or more importantly the District of Maryland. ECF No. 17; *Robinson*, 560

Court will reduce the fee award such that Defendant will be compensated for Mr. Lamb's work at the highest level of the applicable Guideline range, but lower than the requested hourly rate—*i.e.*, a reasonable rate for Mr. Lamb will be $350.00. Loc. R. App. B(3) (D. Md. 2018); *see also Grizanov v. J-K Tech., LLC*, No. ELH-16-2522, 2019 WL 2142529, at *5 (D. Md. May 16, 2019).

### 2. Reasonable Hours

While Defendant's counsel attached to its Declaration a detailed time record, created by downloading counsel's records of all fee entries for this matter and deleting the entries for fees that Defendant would have incurred regardless of the improper removal, ECF No. 17 ¶ 6, Defendant failed to organize the time records by litigation phase as required by Appendix B of the Local Rules. ECF No. 17-1; Loc. R. App. B (D. Md. 2018). Despite Defendant's non-compliance with the Local Rules, however, the time records are sufficiently detailed such that the Court is still able to determine whether the hours billed are reasonable.

Defendant requests compensation for 18.4 hours-worth of attorneys' fees. The Declaration and the attached time record indicate that the majority of Defendant's fees "were incurred in reviewing [Plaintiff's] removal paperwork, drafting a motion to remand, drafting a corporate disclosure statement, responding to [Plaintiff's] motion to reconsider the Court's remand order, resuming the state court proceedings after remand, and documenting fees incurred

---

F.3d at 245 (finding "affidavits from other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" to be "satisfactory specific evidence" of the reasonable rate); *Siantou*, 2020 WL 204957, at *5 ("In the Fourth Circuit, an analysis of the fee 'customarily charged in the locality for similar legal services' requires a court to consider the 'community in which the court sits [as] the first place [to evaluate] prevailing market rate.'" (quoting *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 168, 174 (4th Cir. 1994)). Nor did Defendant's counsel even state that $395.00 was Mr. Lamb's normal rate, rather counsel states that $395 is the rate Mr. Lamb billed for this matter. *Robinson*, 560 F.3d at 245 ("[A]ffidavits testifying to [the fee applicants'] own rates, experience, and skills as well as affidavits of South Carolina lawyers who were familiar both with the skills of some of the applicants and more generally with civil rights litigation in South Carolina . . . was sufficient evidence of the prevailing market rates to support the hourly rates fixed by the district court . . ." (quoting *Plyler*, 902 F.2d at 278) (alterations in original)).

as a result of removal." ECF No. 17 ¶ 7; ECF No. 17-1. The court must adjust the number of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Rum Creek Coal Sales, Inc. v.* Caperton, 31 F.3d 168, 175 (4th Cir. 1994).

As a preliminary matter, Defendant may not recover fees related to "resuming the state court proceedings after remand[.]" ECF No. 17 ¶ 7. Because Plaintiff filed a notice of removal, the state court hearing on Defendant's motion to enforce settlement was cancelled. ECF No. 17-1. Thus, when the Court remanded this action back to state Court, Defendant was forced to update the motion to enforce settlement previously filed in state court, determine the procedure for obtaining a hearing on a motion to enforce settlement after a remand from federal court, and draft a line requesting such a hearing. *Id.* Defendant thus requests compensation for the following tasks related to the state court motion to enforce settlement: (1) "review notice of cancellation of hearing on motion to enforce settlement": 0.1 hours; (2) "[d]etermine procedure to obtain hearing on motion to enforce settlement after remand from federal court": 0.2 hours; (3) "[r]eview previously filed motion to enforce settlement in state court to confirm that no updates are needed": 0.2 hours; (4) [d]raft line requesting hearing on motion to enforce settlement": 0.3 hours; and (5) "[c]all to state court re: status of motion to enforce settlement": 0.2 hours. *Id.* While the Court sympathizes with Defendant's efforts, the Court will only award fees for litigation in this Court. *See Hyatt v. Johns*, No. GJH-16-2912, 2017 WL 2937940, at *3 (D. Md. July 10, 2017).

Turning to the fees related to litigation in this Court. Defendant requests compensation for the following tasks: (1) developing strategy regarding Defendant's Motion to Remand/Plaintiff's purported amended complaint and drafting the Motion to Remand: 10.1

hours; (2) drafting and updating Defendant's Local Rule 103.3 Corporate Disclosure: 0.6 hours; (3) developing strategy regarding Defendant's response to Plaintiff's Motion to Alter or Amend and drafting that response: 2 hours; (4) preparation of fee documentation: 1.6 hours; and (5) communication with client regarding all of the above: 3.1 hours. ECF No. 17-1. With respect to the first category, the Court finds the hours counsel spent on the Motion to Remand reasonable. Defendant's counsel was presented with an unexpected and meritless removal to this court, was forced to review not just Plaintiff's notice of removal but also a purported amended complaint, developed a strategy regarding how to respond, researched and drafted four clear and persuasive arguments, collected and attached numerous supporting exhibits—all of which should have been attached to Plaintiff's Notice of Removal pursuant to 28 U.S.C. § 1446(a) (stating that the removing party should file a notice of removal that contains "a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such [party] in such action*" (emphasis added))—and finally reviewed and revised the Motion to Remand. The Court finds 10.1 hours is a reasonable time in which to accomplish all these tasks. The Court also agrees that it was reasonable for counsel to spend 3.1 hours over the course of almost a year communicating with their client about Plaintiff's objectively unreasonable attempt to remove the instant action to this Court, the corporate disclosure statement that removal forced Defendant to file, and about Plaintiff's Motion to Alter or Amend. Similarly, the Court holds that Defendant's counsel spent a reasonable amount of time on the remaining four categories of tasks.

### 3. **Calculation of Lodestar**

Having determined the reasonable rate and reasonable hours expended, the Court will calculate the lodestar. Defendant originally requested $7,268.00 to compensate it for the costs, fees, and expenses incurred as the result of Plaintiff's improper removal. However, as discussed

above, the Court decreased Mr. Lamb's rate to $350 per hour. Additionally, the Court will only award fees for litigation in this Court and thus will not award any funds for counsel's work on the motion to enforce settlement filed in state court. The Court, therefore, calculates the lodestar amount to be $6,202.50.

### 4. Adjustment to Lodestar

Having already reduced Defendant's request as discussed above, the Court finds that none of the twelve factors discussed in *Robinson*, 560 F.3d 235, warrant an additional downward departure from the loadstar amount. Rather, the Court finds that, while awarding attorney's fees in removal cases is rare, the award here, $6,202.50, is consistent with other 28 U.S.C. § 1447(c) awards in this District. *Hyatt*, 2017 WL 2937940, at *4 (awarding $9,011.25 in attorney's fees); *HCR Manorcare Health Servs.-Chevy Chase v. Salakpi*, No. RWT-09-2614, 2010 WL 1427428, at *3 (D. Md. Apr. 8, 2010) (awarding $7,674.19 in costs, actual expenses, and attorney fees).

Finally, Defendant's level of success warrants an award of the full lodestar amount. "The Fourth Circuit has described the analysis of the level of success as the third step of a fee calculation." *See McFeeley v. Jackson St. Entm't, LLC*, No. DKC-12-1019, 2016 WL 4269042, at *3 (D. Md. Aug. 15, 2016) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). "What the court must ask is whether 'the [party] achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Id.* (quoting *Doe v. Kidd*, 656 F. App'x 643, 657 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 638, (2017)). Here, Defendant successfully was able to secure a remand of its case back to state court and could therefore proceed with its motion to enforce settlement. Thus, the Court finds that Defendant's success justifies the fee award of $6,202.50.

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to Proceed *in Forma Pauperis*, denies Plaintiff's Motion to Alter or Amend, and awards Defendant $6,202.50 in attorneys' fees. A separate Order shall issue.

Date: September 28, 2021                                           /s/
                                                                                    GEORGE J. HAZEL
                                                                                    United States District Judge